# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE HOME EQUITY
ASSET TRUST 2006-7 HOME EQUITY
PASS THROUGH CERTIFICATES,
SERIES 2006-7,

       Plaintiff,

v.                                       CASE NO. 2:10-CV-503-FtM-36DNF

FIRST AMERICAN TITLE INSURANCE
COMPANY,

       Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Dispositive Motion to Dismiss, filed on September 20, 2010 (Dkt. 8).  Plaintiff responded in opposition to the motion on October 11, 2010 (Dkt. 14).  Defendant seeks the dismissal of all counts in Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure 8(a).  Additionally, Defendant seeks the dismissal of Counts II, III and IV for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  For the reasons that follow, the motion will be granted in part and denied in part.

I.     **FACTS** (as alleged in the Complaint)

On June 22, 2006, Zoe and Christakis Michael (the "Michaels") executed a note and mortgage (the "Note" and "Mortgage") for $680,000 with Lender Direct Capital Corporation ("Lender Direct") (Dkt. 1, ¶6).  The Note and Mortgage encumbered real property in Lee County,

Florida, at 12331 Coconut Creek Court, Fort Myers, Florida 33908. *Id*. This Mortgage was eventually assigned to U.S. Bank National Association ("Plaintiff" or "U.S. Bank") by Lender Direct. *Id*. First American Title Insurance Company ("Defendant" or "First American") insured the Mortgage. *Id*. at ¶7; Ex. A.

First American's closing agent was Allegiance Title of Florida ("Allegiance Title"). *Id*. at ¶8; Ex. B. Allegiance Title was required to obtain a satisfaction of a revolving credit account mortgage originally held by First Union, dated June 18, 1999 (which later became Wachovia Bank, N.A. ("Wachovia")), in the original amount of $190,000, which was later increased to $225,000 (collectively, the "Wachovia HELOC"). *Id*. First American's Closing Protection Letter, dated June 16, 2006, given to Lender Direct identifies Allegiance Title as First American's closing agent and states that First American is liable to Lender Direct and its successors and assigns for Allegiance Title's failure to follow closing instructions relating to the status of the title and the enforceability and priority of the insured mortgage. *Id*. at ¶9.

Allegiance Title used a portion of the $680,000 loan from Lender Direct to pay off the full balance of the Wachovia HELOC mortgage. *Id*. at ¶11. However, Allegiance Title failed to obtain a satisfaction of the Wachovia HELOC mortgage, which remained on record and had priority over Lender Direct's mortgage. *Id*. After closing on the $680,000 mortgage, the Michaels borrowed against the Wachovia HELOC mortgage up to the full amount of the credit line and subsequently defaulted on their mortgage payments to Wachovia. *Id*. at ¶12.

On March 24, 2008, Wachovia filed a foreclosure action against the Michaels and identified Lender Direct as a junior mortgagee. *Id*. at ¶13. On November 19, 2008, U.S. Bank submitted a title claim to First American with respect to the Wachovia HELOC mortgage. *Id*. at ¶14. Wachovia

obtained a final summary judgment of foreclosure for $258,283.33 on November 25, 2008.  *Id*. at

¶15.  The Property was sold at a foreclosure sale on December 29, 2008, and on January 9, 2009, a

certificate of title was issued to third-party purchaser Turn Key Residential #3, LLC, extinguishing

U.S. Bank's Mortgage.  *Id*. at 16.  On February 3, 2009, First American denied U.S. Bank's claim.

*Id*. at ¶17; Ex. D.  Thereafter, U.S. Bank filed its present Complaint against First American.  U.S.

Bank asserts four claims: 1) Breach of Title Insurance Contract; 2) Negligence; 3) Breach of Closing

Protection Letter; and 4) Estoppel.

## II.    STANDARD

To survive a motion to dismiss, a pleading must include a "'short and plain statement

showing that the pleader is entitled to relief.'"  *Ashcroft, et al. v. Iqbal, et al.*, 129 S. Ct. 1937, 1949,

173 L. Ed. 2d 868 (2009)(quoting Fed. R. Civ. P. 8(a)(2)).   Labels, conclusions and formulaic

recitations of the elements of a cause of action are not sufficient.  *Id.* (citing *Bell Atlantic Corp, et

al. v. Twombly, et al.*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).   Mere naked

assertions, too, are not sufficient.  *Id*.  A complaint must contain sufficient factual matter, which, if

accepted as true, would "state a claim to relief that is plausible on its face."  *Id*. (quoting *Twombly*,

550 U.S. at 555).   "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id*. (citation omitted).  The court, however, is not bound to accept as true a legal conclusion

stated as a "factual allegation" in the complaint.  *Id*. at 1950.  Therefore, "only a claim that states a

plausible claim for relief survives a motion to dismiss."  *Id*.(citation omitted).

## III.    ANALYSIS

Defendant argues that each of the four counts in Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8(a) because the allegations are mere speculations and do not give Defendant fair notice of what Plaintiff's claims are and grounds upon which they rest (Dkt. 8, pp. 4-5).  As to Count III, Defendant argues that Plaintiff failed to allege one of two circumstances under which the Closing Protection Letter could be breached, resulting in a reimbursement from Defendant to Lenders Direct, Plaintiff's predecessor.  *Id.* at pp. 5-6.  Finally, as to Counts II and IV, Defendant argues that these claims are barred by the economic loss doctrine.  *Id.* at pp. 6-8.

Plaintiff argues that the allegations in its Complaint comply with the Federal Rules of Civil Procedure because it properly pled allegations that do not yet have direct evidentiary support (Dkt. 14, pp. 3-7).  Additionally, Plaintiff argues that Counts II and IV of the Complaint are not barred by the economic loss doctrine.  *Id.* at pp. 7-12.  As to Count II, Plaintiff contends that it is not in contractual privity with the closing agent, and therefore, its negligence claim against the closing agent, for which it seeks to hold Defendant vicariously liable, is not barred by the economic loss doctrine.  *Id.* at pp. 7-9.  With respect to Count IV, Plaintiff argues that equitable remedies, such as promissory estoppel, are not barred by the economic loss doctrine.  *Id.* at pp. 9-12.

### A.    Federal Rule of Civil Procedure 8(a)

The Court finds that all four counts in the Complaint comply with Fed. R. Civ. P. 8(a).  The allegations in the Complaint contain sufficient factual information to give Defendant fair notice of Plaintiff's claims and the grounds upon which they rest.  The allegations are also sufficient to allow the Court to make a reasonable inference that Defendant is liable for the alleged misconduct, namely Allegiance Title's failure to satisfy the Wachovia HELOC mortgage as instructed by Lender Direct.  *See* Dkt. 1, ¶10.  Furthermore, Plaintiff's pleading that "after a reasonable opportunity for further

investigation or discovery . . . there likely will be evidentiary support" (Dkt. 1, ¶10) is properly pled under Fed. R. Civ. P. 11(b)(3).[1] *See Santillana v. Florida State Court Sys.*, No. 6:09-cv-2095-Orl-19KRS, 2010 WL 271433, at *6 n. 8 (M.D. Fla. Jan. 15, 2010); *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010).  As such, the Court denies Defendant's Motion filed pursuant to Fed. R. Civ. P 8(a).

As to Count III, Plaintiff contends that after a reasonable opportunity for further investigation or discovery, there will likely be evidentiary support that Allegiance Title failed to follow Lender Direct's closing instructions with respect to the satisfaction of the prior mortgage (Dkt.1, ¶¶35-36). According to the Closing Protection Letter, First American agreed to reimburse Lender Direct (or its assign) for its agent's failure to comply with Lender Direct's written closing instructions to the extent that the instructions relate to the status of the title and the priority of the lien of the insured mortgage (Dkt. 1, Ex. C, p. 1).  Based on this information, the Court denies Defendant's Motion as to Count III of the Complaint.  Plaintiff has sufficiently alleged a breach of the Closing Protection letter.

### B.    Economic Loss Doctrine

The economic loss doctrine prohibits a party from maintaining a tort action if the only damages suffered are economic losses*.  Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004).  There are two instances in which the economic loss doctrine

---

[1] "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b)(3).

applies: 1) when the parties are in contractual privity and one party seeks to recover damages for matters arising from the contract; and 2) when there is a defect in a product that causes damage to the product but causes no personal injury or damage to other property.  *Id.*

"The prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." *Id.* (citation omitted). "Accordingly, [Florida] courts have held that a tort action is barred when a defendant has not committed a breach of duty apart from a breach of contract." *Id.* at 537 (citation omitted).

In Count II of the Complaint, Plaintiff asserts a negligence action against Defendant. Plaintiff specifically asserts that Defendant "through its agent Allegiance Title, had a duty to Lender Direct and its assigns, including Plaintiff U.S. Bank, to obtain a satisfaction of mortgage with respect to the Wachovia HELOC, in connection with the closing of the $680,000 mortgage loan from Lender Direct to the Michaels, as reflected by Schedule B of the title commitment, attached as 'Ex. B'." (Dkt. 1, ¶29).  Plaintiff states that upon further investigation, there likely will be evidentiary support that Lender Direct instructed Allegiance Title to obtain a satisfaction of mortgage with respect to the Wachovia HELOC in connection with the closing of the $680,000 mortgage.  *Id.* at ¶30.  In conclusion, Plaintiff contends that Defendant, through its agent, breached its duty "by failing to obtain a satisfaction of the Wachovia HELOC mortgage, resulting in damages to Plaintiff U.S. Bank, including the loss of priority and extinguishment of its $680,000 Mortgage."  *Id.* at ¶31.

Plaintiff's argument that it is not in contractual privity with the closing agent is misplaced. Plaintiff does not assert in Count II a negligence claim against Allegiance Title.  Instead, it asserts a negligence claim against Defendant under a vicarious liability theory.  Plaintiff appears to be in

privity of contract because it is the assign of Lender Direct who was in privity of contract with Defendant as to the Title Insurance and Closing Protection Letter (Dkt. 1, Exs. A-C). As to the Closing Protection Letter, it specifically establishes a contractual relationship between Defendant and Lender Direct, along with its successors and/or assigns (Dkt. 1, Ex. C, p. 1). Because there is a contract specifically outlining when Defendant would reimburse Lender Direct for actual losses incurred by Lender Direct in closing on the mortgage loan by its agent, Allegiance Title, Plaintiff's negligence claim as pled is barred by the economic loss doctrine. Nothing in Count II asserts any misconduct independent of the contractual duty of Defendant to reimburse Lender Direct for Allegiance Title's failure to follow the closing instructions in satisfying the mortgage for the HELOC. *See Indemnity Ins. Co.*, 891 So.2d at 537 ("The economic loss rule has not eliminated causes of action based on torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be *independent from the acts that breached the contract*.")(emphasis added). Therefore, the Court will grant Defendant's Motion as to Count II.

## C.      Equitable Remedy

"[U]nder Florida law, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available." *Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.*, 982 F. Supp. 873, 880 (S.D. Fla. 1997)(citing *H.L McNorton v. Pan American Bank of Orlando*, 387 So.2d 393, 399 (Fla. 5th DCA 1980)). However, an equitable remedy such as promissory estoppel is available only until there is a showing that an express contract exists. *Id*. Furthermore, the economic loss doctrine does not apply to equitable claims because such claims are based in quasi-contract, not in tort. *Id*. at n. 2 (noting that the analysis applies equally to

a promissory estoppel claim); *see Servicios De Almacen Fiscal Zona Franca Y Mandatos S.A. v. Ryder Int'l, Inc.*, 264 Fed. Appx. 878, 881 (11th Cir. Feb. 11, 2008)(noting that promissory estoppel is an equitable action).

In Count IV, Plaintiff asserts a promissory estoppel claim.  Specifically, Plaintiff asserts that Defendant issued a title commitment representing that the prior Wachovia HELOC would be satisfied (Dkt. 1, ¶39).  Lender Direct reasonably relied to its detriment upon Defendant's representation that the prior mortgage would be satisfied when funding the $680,000 mortgage loan to the Michaels.  *Id.* at ¶40.  Absent Defendant's representation that the prior mortgage loan would be satisfied, Lender Direct would not have funded the mortgage loan to the Michaels.  *Id.*  Plaintiff further asserts that Defendant's agent, Allegiance Title, failed to procure satisfaction for the Wachovia HELOC, and despite a demand from Plaintiff, Defendant refused to provide coverage for the unsatisfied prior mortgage.  *Id.* at ¶41.

The Court agrees with Plaintiff's assertion that the economic loss doctrine does not apply to Count IV because it is an equitable remedy as opposed to a tort.  However, the Court notes that Plaintiff's assertions appear to be covered by express contracts:1) the Title Insurance including Defendant's promise to insure against losses sustained by Lender Direct as a result of the priority of any lien over the lien of the insured mortgage (Dkt. 1, Ex. A, p. 1); and 2) the Closing Protection Letter including Defendant's promise to reimburse Lender Direct if its closing agent failed to comply with the written closing instructions to the extent that they relate to the status of the title and the priority of the lien (Dkt. 1, Ex. C, p. 1).  Based on these allegations and Plaintiff's attached exhibits, there are several contracts covering the issue surrounding the lack of priority for the insured

mortgage loan.  Additionally, on the face of the Complaint, Plaintiff does not appear to assert Count IV as an alternate theory to Count III (or Count I).[2]  As such, the Court will dismiss Count IV.

Accordingly, it is hereby **ORDERED** as follows:

1.    Defendant's Dispositive Motion to Dismiss (Dkt. 8) is **GRANTED in part** and **DENIED in part.**

2.    Defendant's Motion is **DENIED** as to Counts I and III.

3.    Defendant's Motion is **GRANTED** as to Counts II and IV.  Counts II and IV are **DISMISSED without prejudice**.

5.    Plaintiff is given leave to file an Amended Complaint within **FOURTEEN (14) DAYS** from the date of this Order.

**DONE AND ORDERED** at Ft. Myers, Florida, on May 27, 2011.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

---

[2]    To the extent Plaintiff seeks to plead its estoppel claim in Count IV as an alternative claim, it shall clearly state so in the amended complaint.  *See* Fed. R. Civ. P. 8(d)(2).